# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEAM HEALTHCARE/DIAGNOSTIC CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. _____ |
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § § § | |
| Defendant. | | |

**EXHIBIT "A"**
**DEFENDANT PRINCIPAL LIFE INSURANCE**
**COMPANY'S INDEX OF STATE COURT FILED DOCUMENTS**

| | **State Court Document** | **Date Filed or Served** |
|---|---|---|
| 1. | Copy of Docket Report | 08/15/11 |
| 2. | Plaintiff's Original Petition | 07/18/11 |
| 3. | Citation to Principal Life Insurance Company | 07/21/11 |
| 4. | Defendant's Original Answer | 08/15/11 |

Respectfully submitted,


By: ___s/ Doug K. Butler_____
        Doug K. Butler
        State Bar No. 03516050

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
PRINCIPAL LIFE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via certified mail, return receipt requested, on the parties listed below, on this the 19th day of August, 2011:

Marguerite Broussard
Attorney at Law
320 Decker Drive, Suite 100
Irving, Texas  75062

Allen R. Weed
Attorney at Law
10440 N. Central Expressway, Suite 1400
Dallas, Texas  75231


_____s/ Doug K. Butler_____
        Doug K. Butler

1

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-11-08856

| | | |
|---|---|---|
| TEAM HEALTHCARE/DIAGNOSTIC CORPORATION | § | Location: **298th District Court** |
| vs. | § | Judicial Officer: **TOBOLOWSKY, EMILY** |
| PRINCIPAL LIFE INSURANCE COMPANY | § | Filed on: **07/18/2011** |
| | § | |

---

### CASE INFORMATION

Case Type: **OTHER (CIVIL)**

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | **TEAM HEALTHCARE/DIAGNOSTIC CORPORATION** | **BROUSSARD, MARGUERITE** |
| | | *Retained* |
| | | 972-719-2627(W) |
| | | |
| **DEFENDANT** | **PRINCIPAL LIFE INSURANCE COMPANY** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 07/18/2011 | ORIGINAL PETITION (OCA) | |
| 07/18/2011 | ISSUE CITATION | |
| 07/20/2011 | **CITATION**<br>PRINCIPAL LIFE INSURANCE COMPANY<br>Served: 07/21/2011 | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** TEAM HEALTHCARE/DIAGNOSTIC CORPORATION | |
| | Total Charges | 264.00 |
| | Total Payments and Credits | 264.00 |
| | **Balance Due as of 8/15/2011** | **0.00** |
| 07/18/2011 | Charge                    PLAINTIFF TEAM HEALTHCARE/DIAGNOSTIC CORPORATION | 17.00 |
| 07/19/2011 | Charge                    PLAINTIFF TEAM HEALTHCARE/DIAGNOSTIC CORPORATION | 247.00 |
| 07/21/2011 | PAYMENT        Receipt # 44684-2011-DCLK     PLAINTIFF TEAM (CASE FEES)     HEALTHCARE/DIAGNOSTIC CORPORATION | (264.00) |

*Printed on 08/15/2011 at 3:03 PM*

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 15th day of august A.D. 2011.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Betty P. Dominguez Deputy

2

Filed
11 July 18 P5:06
Gary Fitzsimmons
District Clerk
Dallas District

1 CIT ATTY

**Cause No.** DC-11-08856

| | | |
|---|---|---|
| TEAM HEALTHCARE/DIAGNOSTIC CORPORATION, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § § | M-298TH   JUDICIAL DISTRICT |
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

Plaintiff Team Healthcare/Diagnostic Corporation hereby files its Original Petition against Defendant Principal Life Insurance Company. Plaintiff would show the Court the following:

<u>Parties</u>

1.     Plaintiff Team Healthcare/Diagnostic Corporation ("THC/Diagnostic") is a Texas corporation that at all times giving rise to this lawsuit was doing business in Dallas County, Texas.

2.     Defendant Principal Life Insurance Company ("PLIC") is an insurance company and an Iowa corporation that at all times giving rise to this lawsuit was doing business in Dallas County, Texas. Defendant PLIC may be served with process by serving its attorney for service, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

<u>Venue</u>

3.     Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to this lawsuit occurred there.

---

**PLAINTIFF'S ORIGINAL PETITION**                                                      **PAGE** 1

### Agency

4.     Any time that it is alleged that Defendant PLIC did an act or failed to do any act or thing, it is meant that its authorized, apparent or ostensible agents, employees or representatives did such act or failed to do such act or thing, thereby making Defendant PLIC vicariously liable.

### Conditions Precedent

5.     Defendant PLIC has received written notice of these claims in accordance with the Texas Insurance Code and as otherwise required by any applicable law.

### Facts

6.     Defendant PLIC provides health insurance coverage to Texas insureds and administers plans under which Plaintiff's patients receive their insurance.

7.     Plaintiff THC/Diagnostic is a healthcare provider. It has provided mobile cardiopulmonary diagnostic exercise tests to patients in the Dallas-Fort Worth metroplex since 1998.

8.     Plaintiff THC/Diagnostic tests patients who are referred by their primary care physicians. Patients undergo the tests in their doctors' offices after. THC/Diagnostic's medical technicians provide and set up the equipment, administer the tests and discuss the initial results on site with the doctors. The doctors receive a more comprehensive written report a few days later, which they then interpret.

9.     Plaintiff THC/Diagnostic's tests are unique for two reasons. First, the equipment is mobile, allowing the tests to be administered in the physicians' offices. Second, the cardiopulmonary exercise test's predictive accuracy is greater than both the stress echo and the nuclear study, both of which are administered in a cardiologist's office. Significantly, one-quarter of all patients to whom this test is administered are found to have a cardiopulmonary

---

abnormality warranting further investigation or specialist referral, while another 25% have exaggerated hypertensive responses indicating suboptimal blood pressure control. No other healthcare provider in North Texas administers this test.

10.    After the test, the doctors submit insurance claims for their professional services, while Plaintiff THC/Diagnostic submits claims for its technical services on the basis of assignments of benefits executed by patients. When healthcare providers submit insurance claims, they use numeric codes to describe the healthcare services that are the basis for the claim. These numeric codes and modifiers are called Current Practice Terminology codes ("CPT codes"). These codes and modifiers are developed and maintained by the American Medical Association. The AMA CPT codes and modifiers allow healthcare providers to submit claims separately for the professional component of a claim and for the technical component of a claim.

11.    Added to the basic CPT codes are numeric modifiers which show among other things whether the procedures described by the CPT codes were provided by a professional or technical provider. Thus, when a doctor orders a test from THC/Diagnostic, the doctor routinely submits a claim for his or her professional services in interpreting the test results. THC/Diagnostic likewise submits a claim for its technical services in administering the test to the patient. Both the doctor and THC/Diagnostic use the same basic CPT codes in their medical claims to describe the services provided. However, THC/Diagnostic uses a numeric modifier indicating that its claim is for the technical component of the test, while the doctor uses a different modifier showing that the claim is for the professional component of the test.

12.    After receiving a request from a primary care physician to schedule a test, Plaintiff THC/Diagnostic requests and obtains a certificate of medical necessity from the physician. In addition, THC/Diagnostic contacts the patient's insurance company to verify coverage, benefits

payable, the patient's deductible and whether that deductible has been met. When verifying coverage, THC/Diagnostic provides the CPT codes under which the test is to be billed so that the insurer knows exactly what test is going to be administered. All of this is done prior to administering each test, and all of these procedures were followed with regard to the unpaid healthcare claims made the basis for this lawsuit.

13.     Plaintiff THC/Diagnostic has administered this test to patients insured by Defendant PLIC since at least 1999. THC/Diagnostic has never had a provider agreement with Defendant. THC/Diagnostic provides its services at the request of primary care physicians who do have provider agreements with Defendant. Those physicians request THC/Diagnostic's services because the services provided by THC/Diagnostic are not reasonably available within the networks of Defendant's insureds.

14.     From September 2007 through the present, Defendant has refused to pay properly and timely submitted claims for covered services after representing that coverage exists for the services to be provided. In addition, Defendant has refused to pay Plaintiff's usual and customary rates on properly submitted claims. On 13 of 16 claims submitted during this time frame, Defendant has refused to pay anything. Defendant has wrongfully denied claims totaling a minimum of $43,815.20.

15.     Even though the test which Plaintiff has administered has been used extensively since the 1980s, Defendant typically denies the claims on the grounds that the test is investigational or experimental.

16.     Plaintiff has contacted Defendant multiple times in writing to resolve this matter, but its efforts have been unsuccessful. Defendant has given Plaintiff no alternative but to file this lawsuit.

## CAUSES OF ACTION

### TEXAS INSURANCE CODE CHAPTER §1301.101 ET SEQ.
### PROMPT PAYMENT OF CLEAN CLAIMS

17.     Plaintiff realleges the facts set forth above.    Plaintiff provided to Defendant's insureds either care related to an emergency or its attendant episode of care and/or specialty medical care or healthcare services at the request of the insureds' primary care physicians.  These primary care physicians were preferred providers, and they requested Plaintiff's services because Plaintiff's services were not reasonably available from a preferred provider who was included in the insureds' networks.   Therefore, pursuant to §1301.069 of the Texas Insurance Code, the insurance claims made the basis for this lawsuit are subject to §1301.101 et seq. of the Texas Insurance Code.  Each claim made the basis for this lawsuit was a clean claim that was submitted on or before the 95th day after Plaintiff's services were provided to Defendant's insureds. Plaintiff's usual and customary charges for the services it provided to these patients was set forth in those claims.

18.     Plaintiff provided medically necessary services to Defendant's insureds and billed its usual and customary charges for those services, and its charges were reasonable at the time and place they were rendered.  In violation of §1301.103, Defendant failed to timely take action on the claims made the basis for this lawsuit.  Defendant failed to timely pay claims that were payable or to pay portions of claims that were payable.  All of Plaintiff's claims made the basis for this lawsuit were payable, but Defendant has failed and refused to pay them, or to pay them at the proper rate.

### Actual Damages and Attorneys' Fees

19.    Therefore, Defendant is liable for the amount of Plaintiff's unpaid claims in the minimum amount of $43,815.20 plus Plaintiff's reasonable attorneys' fees.

### Statutory Penalties

20.    In addition, Defendants are liable to Plaintiff for the statutory penalties provided for under Texas Insurance Code §1301.137.

### UNJUST ENRICHMENT

21.    By providing its medical services to Defendant's insureds, Plaintiff has conferred a benefit on Defendant.   By wrongfully withholding payment in full and/or in part for such services and materials, Defendant obtained a benefit by the taking of an undue advantage. Defendant will be unjustly enriched if it is able to keep the benefit of Plaintiff's services without paying for them.

22.    Therefore, Plaintiff is entitled to recover actual damages from Defendant for unjust enrichment in the minimum amount of $43,815.20.

### QUANTUM MERUIT

23.    Plaintiff provided valuable medical services to Defendant and its insureds.  Defendant is the party sought to be charged for these valuable services.   Defendant accepted Plaintiff's services under circumstances where Defendant was reasonably notified that Plaintiff, in providing its services, expected Defendant to pay for them.   More specifically, Plaintiff spoke with Defendant and after providing detailed information about the services it planned to provide, obtained verification from Defendant regarding the coverage that was available to pay Plaintiff for its healthcare services.

24.    Defendant then failed to pay for Plaintiff's services at all, or failed to pay in full.

---

25.    Therefore, Plaintiff is entitled to recover from Defendant on its claim for quantum meruit in the minimum amount of $43,815.20.

### PROMISSORY ESTOPPEL

26.    Plaintiff realleges the facts set forth above.   With regard to the healthcare claims made the basis for this lawsuit, Plaintiff obtained verification from Defendant of the coverage available to pay Plaintiff for its healthcare services.   Based on Defendant's statements, the clear implication to Plaintiff was that some payment would be forthcoming, and it was foreseeable to Defendants that Plaintiffs would rely on that belief by providing its services to Defendant's insureds.   Plaintiff substantially relied upon Defendant's statements by providing medical services to Defendants' insureds.   Thus, relying on Defendant's statements has been to Plaintiff's detriment.   As a result, Plaintiff has sustained damages in the minimum amount of $43,815.20.

### REQUEST FOR RELIEF

**Therefore**, Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have and recover judgment against Defendant for the following:

a.    Actual damages in the minimum amount of $43,815.20;

b.    Applicable statutory penalties and interest under Chapters 1301 of the Texas Insurance Code;

c.    Plaintiff's court costs and reasonable attorneys' fees;

d.    Pre- and post-judgment interest at the highest rate allowed by law;

e.    Costs of court; and

f.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ Marguerite Broussard
Texas Bar No. 00792372

320 Decker Dr., Suite 100
Irving, Texas  75062
Telephone:      (972) 719-2627
Facsimile:      (972) 719-2628
mbroussard@broussardlawfirm.com

/s/ Allen R. Weed
Texas Bar No. 21062000

10440 N. Central Expressway
Suite 1400
Dallas, Texas  75231
Telephone:      (214) 360-1071
Facsimile:      (214) 360-1073
allenweed@sbcglobal.net

ATTORNEYS FOR PLAINTIFF TEAM
HEALTHCARE/DIAGNOSTIC CORPORATION

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Name:
Marguerite Broussard

Email:
mbroussard@
broussardlawfirm.com

Address:
320 Decker Dr., Suite 100

Telephone:
(927) 719-2627

City/State/Zip:
Irving, TX  75062

Fax:
(972) 719-2628

Signature:

State Bar No:
00792372

Plaintiff(s)/Petitioner(s):
Team Healthcare/Diagnostic Corporation
_____
_____

Defendant(s)/Respondent(s):
Principal Life Insurance Company
_____
_____

[Attach additional page as necessary to list all parties]

☑ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent:
_____

Non-Custodial Parent:
_____

Presumed Father:
_____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:
_____

**Injury or Damage**

☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional
  Liability:
_____
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability
  List Product:
_____
☐ Other Injury or Damage:

**Real Property**

☐ Eminent Domain/
  Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**

☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—
  Pre-indictment
☐ Other: _____

**Employment**

☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

### Family Law

**Marriage Relationship**

☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**

☐ Enforce Foreign
  Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities
  of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**

☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**

☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**

☐ Adoption/Adoption with
  Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental
  Rights
☐ Other Parent-Child:
_____

**Other Civil**

☐ Administrative Appeal
☐ Antitrust/Unfair
  Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☑ Other: Prompt Pay Act

**Tax**

☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 15th day of august A.D. 2011.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Betty P. Domingue Deputy

3

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS



FILED
2011 JUL 29 AM 10: 16
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____DEPUTY

To:
**PRINCIPAL LIFE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **TEAM HEALTHCARE/DIAGNOSTIC CORPORATION**

Filed in said Court **18th day of July, 2011** against

**PRINCIPAL LIFE INSURANCE COMPANY**

For Suit, said suit being numbered **DC-11-08856,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this 20th day of July, 2011.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
   SACHEEN ANTHONY

---

ATTY

# CITATION

## DC-11-08856

**TEAM HEALTHCARE/DIAGNOSTIC
CORPORATION
vs.
PRINCIPAL LIFE INSURANCE
COMPANY**

ISSUED THIS
**20th day of July, 2011**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
Marguerite Broussard
320 Decker Drive Suite 100
Irving Tx 75062
972-719-2627

DALLAS COUNTY CONSTABLE
FEES
PAID     FEES NOT
         PAID

**CAUSE NO.** DC-11-08856

**RETURN**

Came to my hand:  07/20/2011, at 3:30 o'clock P.M.

    ☑ Citation
    ☑ Plaintiff's Original Petition
    ☑ Causes of Action

Executed by me on: 7/21, 2011 at 2:45 o'clock P.M.

Executed at 211 E. 7th St., Suite 620, Austin, TX 78701 within the county of Travis, by delivering to Principal Life Insurance via its registered agent Sue Vertrees of Corporation Service Company, in person, a true copy of the above specified civil process, having first endorsed on such copy the date of delivery.

Not executed: _____

_____

I am over the age of 18; and I am not a party to nor interested in the outcome of the above styled and numbered suit.

    By:    Corin E. Sparre #SCH5626
    SPARRE PROCESS SERVING

**STATE OF TEXAS**

**VERIFICATION**

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge to be true and correct.

    **SUBSCRIBED AND SWORN TO BY** Corin Sparre, on this the 22nd day of July, 2011 to attest witness my hand and seal of office.

TINA M. DELUCA
Notary Public
STATE OF TEXAS
My Comm. Exp. October 22, 2012

    Notary Public in and
    for the State of Texas

STATE OF TEXAS }
COUNTY OF DALLAS }

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears of
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 15th day of August A.D., 2011.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Betty P. Domingue Deputy

4

Filed
11 August 15 P3:38
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-11-08856

| | | |
|---|---|---|
| TEAM HEALTHCARE/DIAGNOSTIC CORPORATION, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § § | 298TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Principal Life Insurance Company ("Principal Life") files this answer to the original petition ("Petition") of Plaintiff Team Healthcare/Diagnostic Corporation ("Plaintiff") and states:

1.     **General Denial.**  Subject to such admissions and stipulations as may be made at or before the time of trial, Defendant denies generally and specially the material allegations contained in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.     **Request for Relief.**  Defendant requests the following relief:

    a.     that Plaintiff take nothing by reason of its suit;

    b.     that Defendant be dismissed with its costs and attorney's fees; and

    c.     that Defendant have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,


By:     s/ Doug K. Butler
          Doug K. Butler
          State Bar No. 03516050


FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202-3796
(214) 939-2006
(214) 939-2090 (Telecopy)

ATTORNEY FOR DEFENDANT
PRINCIPAL LIFE INSURANCE
COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via certified mail, return receipt requested, on the parties listed below, on this the 15th day of August, 2011:

Marguerite Broussard
Attorney at Law
320 Decker Drive, Suite 100
Irving, Texas  75062

Allen R. Weed
Attorney at Law
10440 N. Central Expressway, Suite 100
Dallas, Texas  75231


          s/ Doug K. Butler
          Doug K. Butler


**DEFENDANT'S ORIGINAL ANSWER – Page 2**